James E. Brown
THE JAMES BROWN LAW OFFICE, PLLC
30 South Ewing Street
Helena, MT 59601
Telephone: (406) 449-7444
Facsimile: (406) 443-2478
Email: thunderdomelaw@gmail.com
*Attorney for Plaintiffs*

## MONTANA FIRST JUDICIAL DISTRICT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD,<br><br>   *Plaintiff,*<br><br>vs.<br><br>WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES I-XXX,<br><br>  *Defendants.* | Cause No. DDV-2017-273<br><br><br>**VERIFIED COMPLAINT<br>FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARTY BURCKHARD, and for his claim for relief against the Defendant(s), allege(s) as follows:

### JURISDICTION

1. Marty Burckhard is a resident of Lewis and Clark County.

2. Wal-Mart Stores, Inc. ("Walmart") is a Delaware corporation that does business across the United State and Montana. Wal-Mart Stores, Inc. operates Walmart stores across the state of Montana.

3. Wal-Mart Stores, Inc. does business as "Walmart."

4. The store where Mr. Burckhard bought the defective bicycle at issue is located at 2750 Prospect Avenue in Helena, Montana.

5. Venue is proper in Lewis and Clark County as this is the county where the events complained of transpired.

0091

## FACTS COMMON TO ALL CLAIMS

6. On June 30, 2014, Marty Burckhard purchased a Hyperbike Company Static bicycle at the Walmart store located on Prospect Avenue in Helena, Montana.

7. Mr. Burckhard bought the bicycle preassembled from this Walmart and paid extra for the bike to be assembled.

8. On August 10, 2014 Mr. Burckhard rode the Static bicycle on a ride with his children.

9. During the ride, the handlebars pulled away from the frame causing Mr. Burckhard to fall off.

10. Mr. Burckhard suffered multiple, serious injuries as a result of the fall.

11. John Does I–XXX are persons or entities unknown to the Plaintiff at this time who may be included as parties to this matter when the true name of the Defendant is discovered, including persons who may be employees of Defendant.

### Count I: Negligence

12. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

13. Wal-Mart Stores, Inc. had a duty to properly assemble the Hyperbike Co. Static bicycle and had a separate duty not to sell a defective bike to one of its customers.

14. Wal-Mart Stores, Inc. owed a duty of care to Plaintiff.

15. Wal-Mart Stores, Inc. breached that duty by failing to properly assemble the bicycle.

16. Marty Burckhard suffered extensive injuries because of the fall caused by the negligently-assembled Hyperbike Company Static bicycle.

17. Were it not for Walmart's negligence, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.

## **Count II: Products Liability**

18. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

19. Wal-Mart Stores, Inc. improperly assembled the Hyperbike Company Static bicycle, thereby creating a dangerous latent defect.

20. Mr. Burckhard purchased the bicycle from Walmart and the bicycle was purchased, unknowingly, in a defective condition.

21. Mr. Burckhard rode the bicycle and suffered extensive injuries as a result of the latent assembly and manufacturing defect.

22. Were it not for the defective nature of the bike purchased, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.


**WHEREFORE,** The Plaintiff prays for the following relief:

1. For a determination that judgment should be awarded to the Plaintiff on all the counts listed herein;

2. For damages from the Defendants' negligence and manufacturing defect, including, but not limited to, personal injury, medical bills, out-of-pocket expenses, lost wages, and pain and suffering;

3. For trial by jury;

4. For an award of attorneys' fees and costs; and

5. All such and other relief as the Court and a trier of fact may deem necessary and proper.

DATED this ___ day of April, 2017.

THE JAMES BROWN LAW OFFICE, PLLC

James E. Brown
*Attorney for Plaintiff*

Scott Peterson
MORRISON SHERWOOD WILSON DEOLA PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
(406) 442-3261
(406) 443-7294 facsimile
speterson@mswdlaw.com

*Attorneys for Plaintiff*

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD, | Cause No. DDV 2017-273 |
| Plaintiff, | |
| v. | **NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND WAIVE SERVICE OF A SUMMONS** |
| WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES I-XXX, | |
| Defendants. | |

**TO:   WAL-MART STORES, INC.,**
        **c/o Marshal Mickelson**
        **129 W. Park St., Ste. 300**
        **Butte, MT 59701**

Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed,

along with a stamped, self-addressed envelope, or other prepaid means for returning the original. You may keep the other copy.

What happens next?

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in the official capacity) to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expense.

I declare, under penalty of perjury, that this REQUEST is being sent to you on the date below.

DATED this 7th day of September, 2019.

MORRISON SHERWOOD WILSON DEOLA PLLP

SCOTT PETERSON
*ATTORNEY FOR PLAINTIFF*
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
(406) 442-3261
(406) 443-7294 facsimile
speterson@mswdlaw.com

## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES I-XXX, <br><br> Defendants. | Cause No: <u>DDV 2017-273</u> <br><br><br> **SUMMONS** |

**THE STATE OF MONTANA TO THE ABOVE-NAMED DEFENDANT,**
**Wal-Mart Stores, Inc., d/b/a Walmart:**

You are hereby Summoned to answer the Complaint in this action which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within twenty-one (21) days after the date of service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Witness by my hand and seal of said Court, this _17_ day of September, 2019.

CLERK OF COURT

**K KRESGE**

BY: _____

Deputy Clerk

James E. Brown
THE JAMES BROWN LAW OFFICE, PLLC
30 South Ewing Street
Helena, MT 59601
Telephone: (406) 449-7444
Facsimile: (406) 443-2478
Email: thunderdomelaw@gmail.com
*Attorney for Plaintiffs*

### MONTANA FIRST JUDICIAL DISTRICT
### LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD, <br><br> *Plaintiff,* <br><br> vs. <br><br> WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES I-XXX, <br><br> *Defendants.* | Cause No. DDV-2017-273 <br><br> **VERIFIED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, MARTY BURCKHARD, and for his claim for relief against the Defendant(s), allege(s) as follows:

### JURISDICTION

1. Marty Burckhard is a resident of Lewis and Clark County.

2. Wal-Mart Stores, Inc. ("Walmart") is a Delaware corporation that does business across the United State and Montana. Wal-Mart Stores, Inc. operates Walmart stores across the state of Montana.

3. Wal-Mart Stores, Inc. does business as "Walmart."

4. The store where Mr. Burckhard bought the defective bicycle at issue is located at 2750 Prospect Avenue in Helena, Montana.

5. Venue is proper in Lewis and Clark County as this is the county where the events complained of transpired.

## FACTS COMMON TO ALL CLAIMS

6.  On June 30, 2014, Marty Burckhard purchased a Hyperbike Company Static bicycle at the Walmart store located on Prospect Avenue in Helena, Montana.

7.  Mr. Burckhard bought the bicycle preassembled from this Walmart and paid extra for the bike to be assembled.

8.  On August 10, 2014 Mr. Burckhard rode the Static bicycle on a ride with his children.

9.  During the ride, the handlebars pulled away from the frame causing Mr. Burckhard to fall off.

10. Mr. Burckhard suffered multiple, serious injuries as a result of the fall.

11. John Does I–XXX are persons or entities unknown to the Plaintiff at this time who may be included as parties to this matter when the true name of the Defendant is discovered, including persons who may be employees of Defendant.

### <u>Count I: Negligence</u>

12. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

13. Wal-Mart Stores, Inc. had a duty to properly assemble the Hyperbike Co. Static bicycle and had a separate duty not to sell a defective bike to one of its customers.

14. Wal-Mart Stores, Inc. owed a duty of care to Plaintiff.

15. Wal-Mart Stores, Inc. breached that duty by failing to properly assemble the bicycle.

16. Marty Burckhard suffered extensive injuries because of the fall caused by the negligently-assembled Hyperbike Company Static bicycle.

17. Were it not for Walmart's negligence, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.

## Count II: Products Liability

18. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

19. Wal-Mart Stores, Inc. improperly assembled the Hyperbike Company Static bicycle, thereby creating a dangerous latent defect.

20. Mr. Burckhard purchased the bicycle from Walmart and the bicycle was purchased, unknowingly, in a defective condition.

21. Mr. Burckhard rode the bicycle and suffered extensive injuries as a result of the latent assembly and manufacturing defect.

22. Were it not for the defective nature of the bike purchased, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.

**WHEREFORE,** The Plaintiff prays for the following relief:

1. For a determination that judgment should be awarded to the Plaintiff on all the counts listed herein;

2. For damages from the Defendants' negligence and manufacturing defect, including, but not limited to, personal injury, medical bills, out-of-pocket expenses, lost wages, and pain and suffering;

3. For trial by jury;

4. For an award of attorneys' fees and costs; and

5. All such and other relief as the Court and a trier of fact may deem necessary and proper.

VERIFIED COMPLAINT - PAGE 3 OF 4

DATED this _____ day of April, 2017.

THE JAMES BROWN LAW OFFICE, PLLC

James E. Brown
*Attorney for Plaintiff*

VERIFIED COMPLAINT - PAGE 4 OF 4

Scott Peterson
MORRISON SHERWOOD WILSON DEOLA PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, Montana 59624-0557
(406) 442-3261
(406) 443-7294 facsimile
speterson@mswdlaw.com

*Attorneys for Plaintiff*

*Answer*
*Oct 29*

MONTANA FIRST JUDICIAL DISTRICT COURT
LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD, | Cause No. DDV 2017-273 |
| Plaintiff, | |
| v. | **ACKNOWLEDGMENT AND WAIVER OF SERVICE OF A SUMMONS** |
| WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES 1-XXX, | |
| Defendants. | |

**TO:   SCOTT PETERSON**

I have received your request to acknowledge and waive service of a summons in this action, along with a copy of the Complaint, two copies of this acknowledgment and waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Montana Rule of Civil Procedure 12 within 21 days from the date I sign this acknowledgement and waiver form (or 42 days if I am signing on behalf of the State or a state officer or employee).

1

If I fail to do so, a default judgment will be entered against me or the entity I represent.

DATE: _____ 10/8/19 _____

Marshall Mickelson
Attorney for Wal-Mart Stores, Inc.
129 W. Park St., Ste. 300
Butte, MT 59701
406-782-5800 Phone
mmick@cpklawmt.com

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.

Marshal L. Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    : 406-782-5800
FAX  : 406-723-8919
mmick@cpklawmt.com

Attorneys for Defendant Wal-Mart Stores, Inc.

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

| | | |
|---|---|---|
| MARTY BURCKHARD, | * | No. DDV-2017-273 |
| | * | |
| Plaintiff, | * | **REQUEST FOR STATEMENT OF** |
| v. | * | **CLAIM** |
| | * | |
| WAL-MART STORES, INC. d/b/a | * | |
| WALMART and JOHN DOES I-XXX, | * | |
| | *. | |
| Defendants. | * | |
| | * | |

TO:    Plaintiff and his counsel of record

You are hereby requested, pursuant to Mont. Code Ann. § 25-4-312, to provide a statement within fifteen (15) days hereof setting forth the nature and amount of damages being sought in this action.

DATED this 9th day of October, 2019.

CORETTE BLACK CARLSON & MICKELSON

By
P.O. Box 509
Butte, MT  59703

Attorneys for Defendant Wal-Mart

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon counsel of record at their address or addresses this 9th day of October, 2019.

Scott Peterson
Morrison Sherwood Wilson Deola PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, MT  59624-0557

CORETTE BLACK CARLSON & MICKELSON

By _____

P.O. Box 509
Butte, MT  59703

REQUEST FOR STATEMENT OF CLAIM                                                2

Marshal L. Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX   :  406-723-8919
mmick@cpklawmt.com

Attorneys for Defendant Wal-Mart Stores, Inc.

### MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

| MARTY BURCKHARD, | * | No. DDV-2017-273 |
|---|---|---|
| | * | |
| Plaintiff, | * | **DEFENDANT WAL-MART'S** |
| v. | * | **ANSWER AND JURY DEMAND** |
| | * | |
| WAL-MART STORES, INC. d/b/a | * | |
| WALMART and JOHN DOES I-XXX, | * | |
| | * | |
| Defendants. | * | |
| | * | |

COMES NOW defendant Wal-Mart Stores, Inc. and for its Answer to plaintiff's Complaint admits, denies, and alleges as follows:

### JURISDICTION

1.      Admit based on information and belief.

2.      Admit at the time this Complaint was filed, Wal-Mart Stores, Inc. was a Delaware corporation doing business across the United States and Montana and Wal-Mart Stores, Inc. operated Wal-Mart stores in the State of Montana.   Defendant affirmatively alleges the name of the company has been changed from Wal-Mart Stores, Inc. to Walmart, Inc.

3.      Admit Walmart Stores, Inc. did business as Wal-Mart and now Walmart, Inc. does business and operates retail stores as Wal-Mart.

4.     Admit Wal-Mart, Inc. operates a retail store located at 2750 Prospect Avenue, Helena, MT.   With respect to the remaining allegations contained in paragraph 4, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

5.     Admit.

## FACTS COMMON TO ALL CLAIMS

6.     With respect to the allegations contained in paragraph 6, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

7.     With respect to the allegations contained in paragraph 7, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

8.     With respect to the allegations contained in paragraph 8, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

9.     With respect to the allegations contained in paragraph 9, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

10.     With respect to the allegations contained in paragraph 10, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

11.    With respect to the allegations contained in paragraph 11, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

## COUNT I:  NEGLIGENCE

12.    Defendant realleges and incorporates its responses to paragraphs 1-11 as set forth above.

13.    Paragraph 13 consists of conclusions of law and therefore no response is necessary.  To the extent a response is necessary, defendant denies those allegations.

14.    Paragraph 14 consists of a conclusion of law and therefore no response is necessary.  To the extent a response is necessary, defendant denies that allegation.

15.    Deny.

16.    Deny any negligence on the part of defendant.   With respect to the remaining allegations contained within paragraph 16, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

17.    Deny.

## COUNT II:  PRODUCTS LIABILITY

18.    Defendant realleges and incorporates its responses to paragraphs 1-17 as set forth above.

19.    Deny.

20.    With respect to the allegations contained in paragraph 20, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

21.   With respect to the allegations contained in paragraph 21, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

22.   With respect to the allegations contained in paragraph 22, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

23.   Defendant denies each and every allegation of plaintiff's Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   At this time defendant lacks complete information of the facts giving rise to liability and plaintiff's injuries and damages; however, to the extent plaintiff's injuries and damages were caused, in whole or in part, by circumstances and conditions that were beyond the control of defendant, beyond its knowledge, and/or were unforeseeable, those causes constitute intervening and superseding causes for which defendant is not liable.

3.   At this time defendant lacks complete information of the facts giving rise to liability and plaintiff's injuries and damages; however, defendant has no responsibility or liability for plaintiff's injuries and damages which were caused by the actions of other persons for whose conduct defendant is not responsible.

4.   Plaintiff's negligence was the cause or contributing cause of the injuries and damage which he alleges and therefore plaintiff's claims are barred or, in the

alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of negligence.

5.      Plaintiff assumed the risk of the injuries and damages alleged by him and therefore plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

6.      If plaintiff discovered any alleged defect and/or the defect was open and obvious and plaintiff unreasonably made use of the product and was injured by it, plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

7.      The product at issue was unreasonably misused by plaintiff and such misuse caused or contributed to plaintiff's injury and therefore plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

8.      At this time defendant lacks complete information on plaintiff's injuries and damages; however, plaintiff has a duty to mitigate his damages and to the extent he has not, defendant is not responsible for any injuries or damages caused by plaintiff's failure to mitigate his damages.

9.      At this time defendant lacks complete information on plaintiff's injuries and damages; however, to the extent plaintiff's injuries or damages are an aggravation to a preexisting condition, defendant is not responsible to the extent the conditions can be apportioned.

10.      At this time defendant lacks complete information on plaintiff's injuries and damages; however, to the extent plaintiff's injuries or damages, if any, were caused by

prior or subsequent injuries, illnesses, or defects, defendant is not liable for those injuries or damages.

11.     If plaintiff has received or may receive payment for the damages alleged in his Complaint from a collateral source as defined in Mont. Code Ann. § 27-1-307, plaintiff's recovery must be reduced by the amount paid or payable from the collateral source pursuant to Mont. Code Ann. § 27-1-308.

12.     Plaintiff's claims may be barred by the applicable statute of limitations.

13.     Plaintiff's claims may be barred by the doctrine of laches.

**WHEREFORE**, defendant having fully answered plaintiff's Complaint prays for judgment as follows:

1.     The Complaint against defendant be dismissed and plaintiff take nothing by virtue of his Complaint;

2.     Judgment be entered in favor of defendant, together with costs of suit; and,

3.     For any further relief the court deems just and proper under the circumstances.

**JURY DEMAND**

Defendant demands a jury trial of all issues raised in plaintiff's Complaint.

DATED this 23rd day of October, 2019.

CORETTE BLACK CARLSON & MICKELSON

By _____

P.O. Box 509
Butte, MT  59703

Attorneys for Defendant Wal-Mart

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon counsel of record at their address or addresses this 23rd day of October, 2019.

Scott Peterson
Morrison Sherwood Wilson Deola PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, MT  59624-0557

CORETTE BLACK CARLSON & MICKELSON

By _____
       P.O. Box 509
       Butte, MT  59703

OCT 3 0 2019

9 7338

Scott Peterson
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, MT 59624-0557
Telephone: (406) 442-3261
Facsimile: (406) 443-7294
speterson@mswdlaw.com

*Attorneys for Plaintiff*

## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD,<br><br>Plaintiff,<br><br>Vs.<br><br>WAL-MART STORES, INC.; D/B/A WALMART and JOHN DOES I-XXX,<br><br>Defendants. | Case No.: DDV 2017-273<br><br>**BURCKHARD'S STATEMENT OF DAMAGES** |

Marty Burckhard provides the following statement of damages. All damages are purely estimates at this time that Burckhard anticipates refining through discovery process and possible expert testimony.

### I.  LOST WAGES AND LOST EARNING CAPACITY

A.  Past lost wages or lost earning capacity: $275,000

B.  Future lost wages or lost earning capacity: $1,375,000

### II.  PAST MEDICAL EXPENSES

A.  Past medical expenses: Approximately $30,000[1]

B.  Future medical expenses: Unknown

---

[1] Plaintiff has been in contact with Burckhard's health insurer, but has not heard back from the insurer about specific amounts due.

STATEMENT OF DAMAGES                                                                 PAGE 1

## III.   GENERAL DAMAGES

General damages are really for the jury's determination. These damages include, but are not limited to, pain and suffering, emotional distress, lost established course of life, and lost enjoyment of life. Forced to place a number on the general damages, Burckhard would say his general damages are $250,000. Again, though, Burckhard's position is that the jury— and only the jury—can really assess his harm and how to compensate Burckhard for that harm. The standard Montana jury instructions in fact recognize that there is no definitive way to calculate these damages, and that the jury should award what is just and reasonable. We trust the jury to make that decision, and the jury may go lower or higher in damages as it sees fit after hearing the evidence.

DATED this _26_ day of October, 2019.

MORRISON, SHERWOOD, WILSON & DEOLA, PLLP

BY: _____
    for Scott Peterson
        Attorney Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _28th_ day of October, 2019, a true and correct copy of the foregoing was mailed, first-class postage prepaid, addressed as follows:

Marshal L. Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT 59703

NOV 7 - 2019   **FILED**

Scott Peterson
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, MT 59624-0557
Telephone: (406) 442-3261
Facsimile: (406) 443-7294
speterson@mswdlaw.com

*Attorneys for Plaintiff*

NOV 0 5 2019

ANGIE SPARKS, Clerk of District Court
By
AMBER M MULLEN   Deputy Clerk

8 7338

*Ans Am Comp*
*Nov 22*

## MONTANA FIRST JUDICIAL DISTRICT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| MARTY BURCKHARD,<br><br>*Plaintiff,*<br><br>vs.<br><br>WALMART, INC.; D/B/A WALMART and<br>JOHN DOES I-XXX,<br><br>*Defendants.* | Cause No. DDV 2017-273<br><br>**AMENDED COMPLAINT<br>FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Marty Burckhard, and for his claim for relief against the

Defendant(s), allege(s) as follows:

### JURISDICTION

1.  Marty Burckhard is a resident of Lewis and Clark County.

2.  Burckhard's original complaint named Wal-Mart Stores, Inc, as a defendant, which is a

    Delaware corporation that does business across the United State and Montana. Since

    that complaint was filed, Wal-Mart Stores, Inc. has renamed itself as Walmart, Inc.

    ("Walmart") which is now the named defendant in the amended complaint. Other than

AMENDED COMPLAINT - PAGE 1 OF 4

the name change, Walmart, Inc. and Wal-Mart Stores, Inc. are the identical entity with the same employees, assets, and liabilities.

3. Walmart operates stores across the state of Montana.

4. Walmart, Inc. does business as "Walmart."

5. The store where Mr. Burckhard bought the defective bicycle at issue is located at 2750 Prospect Avenue in Helena, Montana.

6. Venue is proper in Lewis and Clark County as this is the county where the events complained of transpired.

## FACTS COMMON TO ALL CLAIMS

7. On June 30, 2014, Marty Burckhard purchased a Hyperbike Company Static bicycle at the Walmart store located on Prospect Avenue in Helena, Montana.

8. Mr. Burckhard bought the bicycle preassembled from this Walmart and paid extra for the bike to be assembled.

9. On August 10, 2014, Mr. Burckhard rode the Static bicycle on a ride with his children.

10. During the ride, the handlebars pulled away from the frame causing Mr. Burckhard to fall off.

11. Mr. Burckhard suffered multiple, serious injuries as a result of the fall.

12. John Does I–XXX are persons or entities unknown to the Plaintiff at this time who may be included as parties to this matter when the true name of the Defendant is discovered, including persons who may be employees of Defendant.

## Count I: Negligence

13. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

14. Walmart had a duty to properly assemble the Hyperbike Co. Static bicycle and had a separate duty not to sell a defective bike to one of its customers.

15. Walmart owed a duty of care to Plaintiff.

16. Walmart breached that duty by failing to properly assemble the bicycle.

17. Marty Burckhard suffered extensive injuries because of the fall caused by the negligently-assembled Hyperbike Company Static bicycle.

18. Were it not for Walmart's negligence, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.

## Count II: Products Liability

19. Plaintiff re-alleges and reincorporates each preceding paragraph of this Complaint as if set forth specifically in this Count.

20. Walmart improperly assembled the Hyperbike Company Static bicycle, thereby creating a dangerous latent defect.

21. Mr. Burckhard purchased the bicycle from Walmart and the bicycle was purchased, unknowingly, in a defective condition.

22. Mr. Burckhard rode the bicycle and suffered extensive injuries as a result of the latent assembly and defect.

23. Were it not for the defective nature of the bike purchased, Plaintiff would not have suffered extensive physical injuries and would not have suffered financial damages.

**WHEREFORE,** The Plaintiff prays for the following relief:

1. For a determination that judgment should be awarded to the Plaintiff on all the counts listed herein;

2. For damages from the Defendants' negligence and manufacturing defect, including, but not limited to, personal injury, medical bills, out-of-pocket expenses, lost wages and lost earning capacity, emotional distress, and pain and suffering;

3. For trial by jury;

4. For an award of attorneys' fees and costs; and

5. All such and other relief as the Court and a trier of fact may deem necessary and proper.

DATED this $\underline{\phantom{xx}}$ day of November, 2019.

MORRISON, SHERWOOD, WILSON & DEOLA, PLLP

BY: _____
Scott Peterson
Attorney Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this $\underline{\phantom{xx}}$ day of November, 2019, a true and correct copy of the foregoing was mailed, first-class postage prepaid, addressed as follows:

Marshal L. Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT 59703

By _____
*Assistant to Scott Peterson*

AMENDED COMPLAINT - PAGE 4 OF 4

Marshal L. Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX  :  406-723-8919
mmick@cpklawmt.com

Attorneys for Defendant Walmart, Inc.

## MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

| | | |
|---|---|---|
| MARTY BURCKHARD, | * | No. DDV-2017-273 |
| | * | |
| Plaintiff, | * | **DEFENDANT WALMART'S** |
| v. | * | **ANSWER TO PLAINTIFF'S** |
| | * | **AMENDED COMPLAINT AND JURY** |
| WALMART, INC. d/b/a WALMART and | * | **DEMAND** |
| JOHN DOES I-XXX, | * | |
| | * | |
| Defendants. | * | |
| | * | |

COMES NOW defendant Walmart, Inc. and for its Answer to plaintiff's Amended Complaint admits, denies, and alleges as follows:

### JURISDICTION

1.    Admit based on information and belief.

2.    Admit at the time this Amended Complaint was filed, Wal-Mart Stores, Inc. was a Delaware corporation doing business across the United States and Montana and Wal-Mart Stores, Inc. operated Wal-Mart stores in the State of Montana.   Defendant admits that the name of the company has been changed from Wal-Mart Stores, Inc. to Walmart, Inc.

3.    Admit Walmart operates stores across the state of Montana.

4.    Admit.

5.      Admit Walmart, Inc. operates a retail store located at 2750 Prospect Avenue, Helena, MT.   With respect to the remaining allegations contained in paragraph 5, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

6.      Admit.

### FACTS COMMON TO ALL CLAIMS

7.      With respect to the allegations contained in paragraph 7, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

8.      With respect to the allegations contained in paragraph 8, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

9.      With respect to the allegations contained in paragraph 9, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

10.      With respect to the allegations contained in paragraph 10, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

11.      With respect to the allegations contained in paragraph 11, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

12.     With respect to the allegations contained in paragraph 12, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

### COUNT I:  NEGLIGENCE

13.     Defendant realleges and incorporates its responses to paragraphs 1-12 as set forth above.

14.     Paragraph 14 consists of conclusions of law and therefore no response is necessary.  To the extent a response is necessary, defendant denies those allegations.

15.     Paragraph 15 consists of a conclusion of law and therefore no response is necessary.  To the extent a response is necessary, defendant denies that allegation.

16.     Deny.

17.     Deny any negligence on the part of defendant.   With respect to the remaining allegations contained within paragraph 17, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

18.     Deny.

### COUNT II:  PRODUCTS LIABILITY

19.     Defendant realleges and incorporates its responses to paragraphs 1-18 as set forth above.

20.     Deny.

21.     With respect to the allegations contained in paragraph 21, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

22.     With respect to the allegations contained in paragraph 22, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

23.     With respect to the allegations contained in paragraph 23, defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and therefore denies the same.

24.     Defendant denies each and every allegation of plaintiff's Amended Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.      At this time defendant lacks complete information of the facts giving rise to liability and plaintiff's injuries and damages; however, to the extent plaintiff's injuries and damages were caused, in whole or in part, by circumstances and conditions that were beyond the control of defendant, beyond its knowledge, and/or were unforeseeable, those causes constitute intervening and superseding causes for which defendant is not liable.

3.      At this time defendant lacks complete information of the facts giving rise to liability and plaintiff's injuries and damages; however, defendant has no responsibility or liability for plaintiff's injuries and damages which were caused by the actions of other persons for whose conduct defendant is not responsible.

4.      Plaintiff's negligence was the cause or contributing cause of the injuries and damage which he alleges and therefore plaintiff's claims are barred or, in the

alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of negligence.

5. Plaintiff assumed the risk of the injuries and damages alleged by him and therefore plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

6. If plaintiff discovered any alleged defect and/or the defect was open and obvious and plaintiff unreasonably made use of the product and was injured by it, plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

7. The product at issue was unreasonably misused by plaintiff and such misuse caused or contributed to plaintiff's injury and therefore plaintiff's claims are barred or, in the alternative, must be diminished by an amount that is proportionately equal to plaintiff's percentage of fault.

8. At this time defendant lacks complete information on plaintiff's injuries and damages; however, plaintiff has a duty to mitigate his damages and to the extent he has not, defendant is not responsible for any injuries or damages caused by plaintiff's failure to mitigate his damages.

9. At this time defendant lacks complete information on plaintiff's injuries and damages; however, to the extent plaintiff's injuries or damages are an aggravation to a preexisting condition, defendant is not responsible to the extent the conditions can be apportioned.

10. At this time defendant lacks complete information on plaintiff's injuries and damages; however, to the extent plaintiff's injuries or damages, if any, were caused by

prior or subsequent injuries, illnesses, or defects, defendant is not liable for those injuries or damages.

11.     If plaintiff has received or may receive payment for the damages alleged in his Amended Complaint from a collateral source as defined in Mont. Code Ann. § 27-1-307, plaintiff's recovery must be reduced by the amount paid or payable from the collateral source pursuant to Mont. Code Ann. § 27-1-308.

12.     Plaintiff's claims may be barred by the applicable statute of limitations.

13.     Plaintiff's claims may be barred by the doctrine of laches.

**WHEREFORE**, defendant having fully answered plaintiff's Amended Complaint prays for judgment as follows:

1.     The Amended Complaint against defendant be dismissed and plaintiff take nothing by virtue of his Amended Complaint;

2.     Judgment be entered in favor of defendant, together with costs of suit; and,

3.     For any further relief the court deems just and proper under the circumstances.

### JURY DEMAND

Defendant demands a jury trial of all issues raised in plaintiff's Amended Complaint.

DATED this 22nd day of November, 2019.

CORETTE BLACK CARLSON & MICKELSON

By
P.O. Box 509
Butte, MT  59703
Attorneys for Defendant Walmart

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon counsel of record at their address or addresses this 22nd day of November, 2019.

Scott Peterson
Morrison Sherwood Wilson Deola PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena, MT  59624-0557

CORETTE BLACK CARLSON & MICKELSON

By _____
     P.O. Box 509
     Butte, MT  59703